UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK ERIE, SR. and AMERICAN | * | CIVIL ACTION NO.: |
| DOOR AND HARDWARE, LLC, | * | |
| Individually and as Representatives | * | |
| of the Class | * | |
| | * | |
| vs. | * | JUDGE: |
| | * | |
| | * | |
| AT&T, INC. and AT&T | * | |
| MOBILITY, LLC | * | MAGISTRATE: |

******************************************************************

# CLASS ACTION COMPLAINT FOR DAMAGES
# AND INJUNCTIVE RELIEF

Plaintiffs MARK ERIE, SR. and AMERICAN DOOR AND HARDWARE, LLC

present this Class Action Complaint for Damages and Injunctive Relief in and on behalf of

all others similarly situated, and respectfully represent the following:

## INTRODUCTION

1.

Plaintiffs bring this action on behalf of themselves and all others similarly situated

against Defendants, AT&T, INC. and AT&T MOBILITY, LLC ("AT&T" or Defendants").

This class action seeks damages and injunctive relief on behalf of all Louisiana consumers for the improper and illegal imposition of state and local taxes on data plans offered by AT&T and which provide internet access. By doing so AT&T violated and continues to violate the Internet Tax Fairness Act, 47 U.S.C. § 151 (1998) ("ITFA"), which prohibits state and local governments from imposing taxes on internet access. This action seeks to recover the monies improperly charged and collected by AT&T and prohibit them from continuing to collect these monies from its customers.

## JURISDICTION AND VENUE

2.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and Plaintiffs and members of the class are citizens of a state different from Defendants.

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1331 because Defendants are authorized to conduct business in this district, do substantial business in this district and are subject to personal jurisdiction in this district.

## DESCRIPTION OF THE PARTIES

4.

Plaintiff parties are:

MARK ERIE. SR., a major resident domiciled in the State of Louisiana, an individual consumer who was a customer of Defendants and has purchased and paid for a wireless data

plan that provides access to the internet via a radio device; and

AMERICAN DOOR AND HARDWARE, LLC, a limited liability company with its principal place of business in Louisiana, an individual consumer who was a customer of Defendants and purchased and paid for a wireless data plan that provides access to the internet via a radio device.

5.

Defendant parties are:

AT&T, INC. a Delaware corporation authorized to do business in Louisiana and with its principal place of business at 208 S. Akard Street, Dallas, Texas. It may be served in Louisiana through its registered agent at CT Corporation, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, Louisiana 70808; and

AT&T MOBILITY, LLC a Delaware corporation authorized to do business in Louisiana with its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, Georgia 30342. It may be served in Louisiana through its registered agent at CT Corporation, 5615 Corporate Blvd., Suite 400 B, Baton Rouge, Louisiana 70808.

**FACTUAL ALLEGATIONS**

6.

AT&T sells wireless data plans to consumers. AT&T's customers, who are billed monthly, purchase the wireless data plan to obtain remote access to the internet either on a computer or through a device known as a "smart phone" such as an iPhone, Blackberry or similar device that can provide internet access.

7.

When the remote internet access is by a computer, AT&T charges a monthly fee for the use of a datacard. The datacard enables users to remotely access the internet wirelessly through a radio device embedded in the computer or through an external device connected through the PCMCIA card or USB port.

8.

When the remote internet access is by a smart phone, Defendants bill for the data plan, allowing internet access as a separate line item on the AT&T monthly bill. The data plans usually cost $30 per month, and allows for unlimited data and internet access.

9.

Starting in January 2009 through approximately March 2009, plaintiff MARK ERIE paid $30 per month to AT&T for unlimited internet access on his iPhone. His bill from AT&T identified the charge as "DATA PLAN IPHONE."

10.

Likewise, between approximately March 2009 and through the present, plaintiff AMERICAN HARDWARE AND DOOR, LLC paid and continues to pay $30 per month to AT&T for unlimited internet access on its iPhone. Its bill from AT&T identifies the charge as "DATA PLAN IPHONE."

11.

On both plaintiffs' bills, AT&T also charged a "Local Wireless Surcharge" and "State Telecommunications Sales Tax." Upon information and belief, the amount charged for

"Local Wireless Surcharge" and "State Telecommunications Sales Tax" on each bill represents a percentage of the amount charged for wireless services, including the data plan for unlimited internet access. Plaintiffs were charged the "Local Wireless Surcharge" and "State Telecommunications Sales Tax" on every AT&T bill since January 2009 and paid the amount charged by AT&T.

12.

The Internet Tax Fairness Act, 47 U.S.C. § 151 (1998) ("ITFA") as amended, prohibits state and local governments from imposing taxes on internet access. Specifically, the ITFA provides that "[no State or political subdivision thereof shall impose any of the following taxes during the period beginning November 1, 2003, and ending November 1, 2014...(1) Taxes on Internet access."

13.

The ITFA defines "internet access" to mean: "a service that enables users to connect to the Internet to access content, information, or other services offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a provider of a service described in subparagraph (A) to the extent such telecommunications are purchased, used or sold–(I) to provide such service; or (ii) to otherwise enable users to access content, information or other services offered over the Internet[.]" Thus, federal law prohibits the imposition of sales or use taxes on internet access services.

14.

Louisiana law imposes a sales or use tax to be levied on "telecommunications

services," and specifically upon calls originating or terminating in Louisiana. La. R.S. 47:301.

15.

Louisiana law does not define "telecommunications services" to include charges for internet access for purposes of computing and levying sales and use taxes. Nevertheless, AT&T imposes and collects sales tax on internet access on its Louisiana customers.

16.

Defendants list the charges for internet access as a separate charge on their bills to their customers.

17.

Despite the fact that federal and Louisiana law prohibit taxation on internet access, AT&T improperly has and continues to illegally charge Louisiana customers state and local sales tax for internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

18.

Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed class consists of:

> All Louisiana consumers who entered into a contract with AT&T for
> the provision of internet access through a smart phone or wireless data
> card who were charged tax on internet access.

19.

Plaintiffs Mark Erie and American Door and Hardware, LLC are members of the Class they seek to represent.

20.

The Class consists of thousands of consumers such that joinder of all members is impracticable.

21.

There are many questions of law and fact common to the Class which predominate over any individual questions, including but not limited to:

(a)     whether AT&T charged Plaintiffs and the Class sales tax on the internet access in violation of the Internet Tax Freedom Act, 47 U.S.C. § 151 (1998) and La. R.S. 47:301;

(b)     whether AT&T's improper charging of sales tax constituted a breach of the covenant of good faith and fair dealing to Plaintiffs and the Class under Louisiana law;

(c)     whether AT&T has been unjustly enriched by its retention of a portion of the sales tax as permitted by Louisiana law;

(d)     whether AT&T collected and plaintiffs paid a thing not due in violation of Louisiana law;

(e)     whether AT&T should be enjoined from collecting a sales tax on internet access;

(f)     whether Plaintiffs and Class members have sustained monetary loss and the

proper measure of that loss; and

(g)     whether AT&T should be required to seek a refund of sales taxes paid to

Louisiana tax authorities and to return any tax refund to Plaintiffs and the

members of the Class.

22.

Plaintiffs' claims are typical of the claims of the proposed Class, and Plaintiffs will

fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs do

not have any interests antagonistic to those of the Class. Plaintiffs have retained competent

counsel experienced in the prosecution of this type of litigation. The questions of law and

fact common to the Class members, some of which are set out above, predominate over any

questions affecting only individual Class members.

23.

A class action is superior to all other available methods for the fair and efficient

adjudication of this lawsuit, because individual litigation of the claims of all Class members

is economically unfeasible and procedurally impracticable.

24.

A class action is superior to individual suits given the relatively small actual damages

suffered by Plaintiffs and class members.

25.

Unless a class is certified, Defendants will retain monies received as a result of their

conduct that was taken from Plaintiffs and the proposed Class members. Unless a Class-

wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

26.

Defendants have acted and refused to act on the grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I
### Breach of Contract

27.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

28.

AT&T and Plaintiffs entered into a written contract.

29.

The written contract entered into by Plaintiffs and AT&T is identical to the contract entered into by AT&T and all other members of the Class.

30.

The contract between AT&T and Plaintiffs provides that AT&T can charge for its services, including internet access on a monthly basis. The contract further permits AT&T to charge Plaintiffs and all of its customers all applicable and legally due federal, state and local taxes.

31.

However, the form contract does not permit AT&T to charge for taxes which are not

due under law, including taxes for internet access.

32.

Plaintiffs and members of the Class performed and otherwise satisfied their obligations under the pertinent contracts.

33.

Despite the ITFA's express prohibition on state and local taxes for internet access, AT&T charged Plaintiffs and the Class members sales tax for internet access.

34.

By imposing these charges on Plaintiffs and members of the Class for internet access, AT&T breached its contract with Plaintiffs and the Class.

35.

As a result of the breach of contract, Plaintiffs and the Class were damaged in the amount of sales tax charged by AT&T for internet access, together with interest on the money which AT&T has wrongly collected from Plaintiffs and the Class.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

36.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

37.

AT&T's breaches of its form contracts with the Plaintiffs and the Class, as alleged above, constitute a breach of AT&T's covenant of good faith and fair dealing to the Plaintiffs

and the Class, which is imputed into every contract in Louisiana under the Civil Code.

38.

AT&T breached its duty of good faith and fair dealing to Plaintiffs and the Class by improperly charging Plaintiffs and the Class state and local taxes for internet access.

39.

AT&T's conduct was intended to and did, in fact, evade the spirit of the contracts it entered into with Plaintiffs and the Class.

40.

The breaches of contract and covenant of good faith and fair dealing discussed above caused Plaintiffs and the Class economic damages.

## COUNT III
## Payment of a Thing Not Due

41.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

42.

Although AT&T was not allowed by federal law to charge and collect state taxes on internet access provided to Plaintiffs and the Class, taxes were charged on internet access on a monthly basis. Plaintiffs and the Class were required to pay these charges to AT&T. Had they failed to do so AT&T would have discontinued their wireless service.

43.

Plaintiffs and the Class paid these taxes although AT&T was prohibited by law from

imposing or collecting them.

44.

Accordingly, Plaintiffs and the Class paid to AT&T monies that were not due and AT&T collected them.

45.

Plaintiffs and the Class are entitled to recover those monies improperly paid to and collected by AT&T.

## COUNT IV
## Unjust Enrichment

46.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

47.

Plaintiffs assert this count in the alternative to their contract-based claims.

48.

On information and belief, AT&T retains the permitted amount of the sales tax it collects.

49.

AT&T collects this amount to the detriment of Plaintiffs and members of the Class.

50.

Thus, AT&T retains funds it should not be entitled to retain.

51.

Accordingly, AT&T has been unjustly enriched at the expense of Plaintiffs and the Class.

52.

Plaintiffs and the Class seek full disgorgement and restitution of the amounts AT&T has retained as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT V
### Injunctive Relief

53.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

54.

AT&T's ongoing practice of charging Plaintiffs and the Class state and local sales tax on the sale of internet access results in a continuing harm to Plaintiffs and the Class. In particular, Plaintiffs and the Class are required to pay improper and illegally charged amounts to AT&T. Every Louisiana customer of AT&T is required to pay these taxes for their internet access plan.

55.

AT&T will continue will continue this unlawful practice unless they are enjoined.

56.

Plaintiffs and the Class have no adequate remedy at law in that damages can only address state and local sales tax that AT&T has already collected on the sale of internet

access, but cannot address AT&T's ongoing collection of such taxes in violation of the law.

57.

Plaintiffs and the Class have no adequate remedy at law to stop the collection of such taxes.

58.

Plaintiffs and the Class seek injunctive relief to relieve them of the continuing and ongoing burden of paying state and local sales taxes on the sale of internet access absent this Court's order enjoining AT&T from collecting such taxes.

## DEMAND FOR PRESERVATION

59.

Plaintiffs hereby incorporate and adopt by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

60.

Plaintiffs also specifically demand that AT&T retain and preserve all records related to the allegations in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and as representatives of all other persons similarly situated, pray for judgment against the Defendants, as follows:

1.  An Order certifying the Class under the appropriate provisions of F.R.C.P. Rule 23, and appointing the Plaintiffs and their counsel to represent the class;

2.  For damages as alleged herein;

3.     For pre-judgment interest from the date of filing this suit;

4.     For reasonable attorney's fees;

5.     For all costs of this proceeding;

6.     For injunctive relief; and

7.     For all general, special, and equitable relief to which the Plaintiffs and the

members of the class are entitled by law.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs demand a trial by jury on all causes of action so triable.

RESPECTFULLY SUBMITTED,

**KEOGH, COX & WILSON, LTD.**

BY:____s/ Christopher K. Jones_____
JOHN P. WOLFF, III, Bar #14504
CHRISTOPHER K. JONES, Bar #28101
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Facsimile: (225) 343-9612
jwolff@kcwlaw.com
cjones@kcwlaw.com

and

Philip Bohrer, Bar #14089
Scott E. Brady, Bar #24976
BOHRER LAW FIRM, L.L.C.
712 Jefferson Highway, Suite B
Baton Rouge, Louisiana  70809
Telephone:  (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerlaw.com
scott@bradylawfirmllc.com
*Attorneys for Plaintiffs*